PARK *v.* HOLLOMAN.

4-7938                                   195 S. W. 2d 546

Opinion delivered June 24, 1946.

*Abe Collins* and *George E. Pike,* for appellant.

*Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

Robins, J.   The sole question presented on this appeal is whether Mrs. Gussie Park, widow of Dr. C. E. Park, deceased, took a life estate or a fee simple estate in lots 10, 11 and 12 of block 33, of DeWitt, Arkansas, under the following provisions of the will of Dr. Park, to-wit:

"I hereby give, bequeath and devise unto my dear wife, Gussie Park, in the event she survives my decease, the following property lying in the original town of De-Witt, to-wit: Lots 1, 2, 3, 10, 11, 12; block 33. This being the property on which my residence is located in the town of DeWitt. I hereby request and direct that lots 1, 2, 3 on which the residence is located be retained as the home of my wife, Gussie Park, as long as she lives in DeWitt and at her death I direct that this property go to my daughter, Eleanor Park. Lots 10, 11 and 12, block 33, above mentioned, may be sold to suit the pleasure and needs of my wife, Gussie Park."

A subsequent provision in the will directed an equal division of other property between Mrs. Park and his only child, Eleanor Park, the appellant, who was a daughter of the testator by a previous marriage.

Dr. Park died in 1934, and his will was duly probated. Mrs. Gussie Park died intestate in 1944 without descendants, leaving surviving, as her only heirs, her

brother, appellee, J. W. Burnett, and her sister, appellee, Mrs. Hattie M. Holloman.

This suit was begun in the chancery court by appellees, who asked in their complaint that their title to lots 10, 11 and 12 be quieted. Appellant answered, asserting ownership of the property under the terms of her father's will as above quoted.

The dwelling house of Dr. Park was located on lots 1, 2 and 3, block 33, and after his widow's death appellant took charge of that portion of the property and sold it.

The lower court found that under the will of Dr. Park his widow took a fee simple title to lots 10, 11 and 12; and from decree quieting title to this property in appellees as heirs at law of Mrs. Park appellant prosecutes this appeal.

Appellant cites as supporting her contention the case of *Smith* v. *Bell,* 6 Pet. (U. S.) 68, 8 L. Ed. 322, in which after a devise of certain property to the wife, with power of disposal, there was this provision in the will of the testator: "The remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin (a son of testator)." The language creating this remainder was held by Chief Justice MARSHALL as pointing with certainty to the fact that the testator intended to create an estate for life in his widow and a remainder to his son. But in his opinion in that case the great Chief Justice said: "The first part of the clause which gives the personal estate to the wife would undoubtedly, if standing alone, give it to her absolutely. . . . In the case before the court, it is, we think, impossible to mistake the intent. The testator unquestionably intended to make a present provision for his wife, and a future provision for his son. This intention can be defeated only by expunging, or rendering totally inoperative, the last clause of the will." It thus appears that a controlling factor in that case was the presence in the will of language creating a limitation over in favor of the son. Here we have no such limitation over in favor of appellant as to the property in dispute.

The case of *Eagle* v. *Oldham,* 116 Ark. 565, 174 S. W. 1176, is also cited by appellant as authority for her position. In that case we found that there were in the will of ex-Governor Eagle certain obvious errors in the descriptions of the lands devised to the Eagle heirs, and we upheld a construction of the will under which the clearly expressed intention of the testator as to a division of his property was put into effect. There was not involved in that case any question, such as we have in the case at bar, of the kind of estates devised.

Another authority relied on by appellant is the case of *Berner* v. *Luckett,* 299 Ky. 744, 186 S. W. 2d 905, in which a provision in a will to the effect that all property not disposed of by the wife should go to the testator's children was held to vest in the wife to whom the property was devised in a preceding part of the will a life estate with remainder over to the children. But in that case, too, there was in the will a provision—entirely absent from Dr. Park's will as to the lots involved herein—vesting the remainder in the testator's children.

The function of a court in dealing with a will is purely judicial; and its sole duty and its only power in the premises is to construe and enforce the will, not to make for the testator another will which might appear to the court more equitable or more in accordance with what the court might believe to have been the testator's unexpressed intentions. "The appellants are correct in the statement that the purpose of construction is to arrive at the intention of the testator; but that intention is not that which existed in the mind of the testator, but that which is expressed by the language of the will." *Jackson* v. *Robinson,* 195 Ark. 431, 112 S. W. 2d 417.

Before the necessity for judicial interpretation of a will may arise there must be found in the language of the will an ambiguity or uncertainty; and where no such ambiguity or uncertainty is found, there is no need for the application by the court of any of the rules for construction. In *Quattlebaum* v. *Simmons National Bank of Pine Bluff,* 208 Ark. 66, 184 S. W. 2d 911, we quoted from Thompson on Wills, 2d Ed., § 210, as follows: " 'The pur-

pose of construction and interpretation being the ascertainment of the testator's intention, it follows that where such intention is expressed in the will in clear and unequivocal language, there is no occasion for judicial construction and interpretation, and it should not be resorted to or allowed.' "

The polestar of the court, in construing a will, should always be the intention of the testator; and the will itself is ordinarily the only place to which the court should resort to find such intention. If it be in the will expressed in language that is clear and unmistakable the court should go no further, but should put in effect the intention of the testator, as thus clearly set forth in his will. *Hoyle* v. *Baddour,* 193 Ark. 233, 98 S. W. 2d 959.

In *Wallace* v. *Wallace,* 179 Ark. 30, 13 S. W. 2d 810, we quoted with approval this from our opinion in *Hurst* v. *Hilderbrandt,* 178 Ark. 337, 10 S. W. 2d 491: " 'It is a fundamental rule of construction of both deeds and wills to ascertain the intention the grantor had in mind, as to the course he desired his property to take, from the language used in the instrument, and to give effect to such intention, if it may be done without doing violence to the law.' "

We said in *Lavenue* v. *Lewis,* 185 Ark. 159, 46 S. W. 2d 649: " 'The first great rule in exposition of wills (to which all other rules must bend)' said Chief Justice MARSHALL, in *Smith* v. *Bell,* (6 Pet.) 31 U. S. 68, 8 L. Ed. 322, 'is that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law.' "

"It has been many times said that the paramount rule in the construction of wills is to ascertain the intention of the testator from the language used, giving force and meaning to each clause in the entire instrument. *Wooldridge* v. *Gilman,* 170 Ark. 163, 279 S. W. 20; *Lockhart* v. *Lyons,* 174 Ark. 703, 297 S. W. 1018; *Kelly* v. *Kelly,* 176 Ark. 548, 3 S. W. 2d 305; *First National Bank of Fort Smith* v. *Marre,* 183 Ark. 699, 38 S. W. 2d 14;" *Kirk* v. *Mason,* 188 Ark. 1000, 68 S. W. 2d 1012.

The language used in Dr. Park's will is clear and unambiguous. By it he devised the land in dispute here to his wife, without using words that might be construed as vesting in her less than a fee simple estate. While anciently it was held that a devise of land to A, without further language defining the estate to be enjoyed by A, created in A only a life estate, the modern rule, followed with virtual unanimity by the courts, is that under such language in a will a fee simple estate is vested in A. Schouler on Wills, vol. 2 (6th Ed.), § 1177. The last sentence in the paragraph of the will under consideration here, "Lots 10, 11 and 12, block 33, above mentioned, may be sold to suit the pleasure and needs of my wife, Gussie Park," certainly cannot be said to impair in any way the fee simple estate in these lots that had been devised to Mrs. Gussie Park by the first sentence of this paragraph; in fact this language in a measure emphasizes and confirms the absolute title in Mrs. Park already created.

Lots 1, 2 and 3, on which his dwelling was located, and which were adjacent to the ones involved herein, Dr. Park willed to his wife, with a limitation over to appellant conceded to have the effect of vesting in appellant the remainder in fee simple. He did not so limit the estate created by the will in his wife as to lots 10, 11 and 12, nor did he use in his will any language indicating intention to create an estate by remainder, as to these lots, in appellant; and, regardless of whether it might appear that it was proper or natural for him to have disposed of all six of the lots in the same manner, he did not see fit to do so. We have no right to alter, under the guise of construction, the definite and unequivocal disposition of his property as made by him.

The decree of the lower court was correct, and it is affirmed.