CHRISTY *v.* SMITH, ADMINISTRATOR

5-953                                      289 S. W. 2d 885

Opinion delivered April 30, 1956
[Rehearing denied May 28, 1956.]

*Courtney C. Crouch* and *Lewis D. Jones,* for appellant.

*A. L. Smith,* for appellee.

J. SEABORN HOLT, Associate Justice. Bertha L. Allen died testate leaving the following holographic will: "Siloam Springs, Arkansas Dec. 27-1946. Let this be my last will — After all Dr. bills, hospital and nurse bills, funeral bill and all other debts have been paid set aside $1,000.00 for inscription on stone that should be there up to date and the rest of the $1,000.00 one thousand dollars to be used on the Box and A. M. Allen lot and the I. N. Allen lot for perpetual care — Then pay Albert Allen the son of F. Melvin Allen, deceased and wife Clara Allen $1,000.00 One Thousand Dollars— Then pay Robert Milton Petty Jr. son of R. M. Petty Sr. and wife Lela Petty $3,000.00 Three Thousand Dollars— Then pay Bertha L. Allen's sisters and brothers One-half (1/2) of the remainder—each to share equally—and then pay Albert M. Allen's sisters and brothers the other one-half (1/2) of the remainder—each to share equally.

Bertha L. Allen.''

August 17, 1955 appellants, R. F. Christy and Elizabeth Christy Allen, filed a petition in the Benton Probate Court asking for a construction of the will and alleging: "1. That an instrument dated the 27th day of December, 1946, was on the 24th day of February, 1955, admitted to probate as the Last Will and Testament of Bertha L. Allen, deceased. 2. That A. L. Smith of Siloam Springs, Arkansas, is the duly appointed administrator with Will annexed. 3. That the petitioners herein are the sole and only heirs at law of Edna Etta Box Christy, who was a sister of the said Bertha L. Allen, deceased. 4. That Edna Etta Box Christy died on the 19th day of December, 1929, predeceasing the said Bertha L. Allen, and predeceasing the date of the execution of the instrument admitted to probate as the Last Will and Testament of the said Bertha L. Allen. 5. The petitioners further state that it was the manifest intention of the said Bertha L. Allen that they, the petitioners herein, should be beneficiaries of a portion of her estate in the manner hereinafter set out. 6. That the said Bertha L. Allen, after making certain specific bequests, devised and bequeathed

one-half of the residue of her property to her brothers and sisters in words as follows: 'Then pay **Bertha L.** Allen's sisters and brothers one-half (1/2) — each to share equally . . .' 7. That at the time the will was executed, the said Bertha L. Allen had only one living sister, viz: Lela Petty. 8. That the said Bertha L. Allen well knew Edna Etta Box Christy to be deceased, and that with the intention that the children of her deceased sister, the petitioners herein, should take their mother's part, the said Bertha L. Allen used the 'Sisters' to indicate that not only should the living sister share in her estate, but also that the children of her beloved deceased sister should share in her estate **as beneficiaries of this** portion of her estate. 9. That the said Bertha L. Allen well knew the petitioners herein, was exceedingly fond of them, and desired that they should be recipients of her estate along with her other relations. 10. That it is, therefore, manifest that the intention of the said Bertha L. Allen was that the said R. F. Christy and Elizabeth Christy Allen, children of the said Edna Box Christy, should take what would have been their mother's share had she been living at the time of the execution of the Will, and stand in her place per stirpes in relation to the class. Further, that it was the manifested intention of the said Bertha L. Allen that the devise made to the said Edna Etta Box Christy should not lapse, but should go to her issue . . . [the will was made a part of this petition] WHEREFORE, the petitioners pray that the court construe the said Will and order that the administrator of the said estate distribute to the petitioners whatever part of the said estate that Edna Etta Box Christy, their mother, would have received under the provisions of said Will were she alive at the time of the distribution of said estate.''

Appellee, administrator, demurred to this petition on the grounds, ''that the facts set forth in said petition are not sufficient to authorize any construction of said will by this Court; that said petition with the exhibit thereto show on their face that petitioners have no interest in the estate of said deceased; . . . that there is no ambiguity or uncertainty in the language of said will call-

ing for granting of the petition of petitioners for construction of said will and that said petition should be dismissed.'' On a hearing the court sustained the demurrer and directed partial distribution of the estate. This appeal followed.

For reversal appellants contend, in effect, that the court erred in holding that the will needed no construction and then proceeding to construe the will without observing the necessary rules of construction, ''without holding a hearing on the petition'', and also erred in excluding appellants (petitioners) from participating in the estate.

We hold that the court was correct in sustaining the demurrer. The provisions and language used by the testatrix in the above will are plain and unambiguous and her intention as to the disposition of her property seems to us clear. The substance and effect of appellants' argument appears to be that Bertha L. Allen, after she had made certain specific bequests, then divided and bequeathed one-half (1/2) of the residue of her property to her sisters and brothers by using this language ''then pay to Bertha L. Allen's sisters and brothers one-half (1/2) of the remainder—each to share equally'', and that in doing so it was Bertha's intention that appellants, the two children of Bertha's deceased sister, Edna Etta Box Christy, should stand in their mother's shoes and take her share. We do not agree. Our rule appears well settled that a legacy or devise lapses when the legatee or devisee died before the testator. There is but one exception to this rule and that is where the legacy or devise is to a child or other descendant of the testator, § 60-410 Ark. Stats. 1947 Supp. Here it is undisputed that Bertha Allen never had but two sisters, one, the mother of the two appellants here, died before Bertha Allen made her will and at her death she had but one living sister. Obviously, from a mere reading of the will, the names of appellants are not mentioned directly or indirectly. There is no uncertainty or ambiguity as to the designation of all beneficiaries under the will. On the question of interpretation and construction of wills, the rule announced in a long line of our cases is that it is only where there is

some ambiguity or doubt as to the meaning of the language used in the will that recourse to judicial interpretation and construction is justified, *Quattlebaum* v. *The Simmons National Bank, Administrator*, 208 Ark. 66, 184 S. W. 2d 911. In the Quattlebaum case we said: "The purpose of construction and interpretation being the ascertainment of the testator's intention, it follows that where such intention is expressed in the will in clear and unequivocal language, there is no occasion for judicial construction and interpretation, and it should not be resorted to or allowed, . . . The cases all agree that the testator's intention can be gathered only from the will itself and that extrinsic evidence is not admissible to prove an intention in regard to the disposition of the property not expressed in the will. . . . The rule is established beyond controversy, except when changed by statute, that a legacy or devise lapsed when the legatee or devisee dies before the testator. See, also, *Gibbons* v. *Ward,* 115 Ark. 184, 171 S. W. 90. . . . In the absence of a statute to the contrary, the death of a beneficiary before the testator caused the gift to lapse, and it was immaterial whether or not the testator had knowledge, in his lifetime, of the death of such beneficiary."

In *Park* v. *Holloman,* 210 Ark. 288, 195 S. W. 2d 546, citing the Quattlebaum case above, we said: "Before the necessity for judicial interpretation of a will may arise there must be found in the language of the will an ambiguity or uncertainty; and where no such ambiguity or uncertainty is found, there is no need for the application by the court of any of the rules for construction."

Our case of *Combs* v. *Combs,* in 172 Ark. 1073, 291 S. W. 818, is in point here, there the question for decision was, as here, whether the complaint stated cause of action and from a ruling of the trial court sustaining the demurrer to the complaint and dismissing the case was that appeal. In the Combs case it appears that the testator in his will made a limitation in favor of the sons of "my three brothers Alfred, Sewell and Isaac Combs" when in fact he had only two brothers, bearing the names given. A suit was brought seeking to establish that Al-

fred Combs and Sewell Combs, carried in the will, were not his brothers but were nephews. We there said: "Appellants' next contention is that, the complaint having alleged that C. F. Combs and H. H. Combs are the sons of Sewell Combs, named in the will of Nathan Combs, and that Nathan Combs never had a brother named Sewell, but that said Sewell Combs, of which said appellants were sons, was in fact a nephew of Nathan Combs to designate the sons of his nephew, Sewell Combs, instead of his brother, Sewell Combs, states a cause of action. But the language of the will of Nathan Combs was: 'To the sons of my three brothers, Alfred, Sewell and Isaac Combs.' The contention of appellants is that Nathan Combs intended only to mention the sons of one brother, **Isaac Combs, and intended to mention his two nephews,** Alfred and Sewell Combs, instead of his two brothers Alfred and Sewell Combs. To do so, we would have to change the language of the will to read: 'To the sons of one brother, Isaac Combs, and to the sons of two nephews, Alfred and Sewell Combs.' We cannot do this, and we cannot hold that the testator intended to name the sons of two nephews instead of the sons of two brothers named. This clause of the will, upon this allegation of the complaint, would be void for uncertainty. 40 Cyc., 1445, announces the rule of the law on this point as follows: 'In order that a beneficiary may take under a will, he must be designated therein, either by name or by description, with such certainty that he can be readily identified and distinguished from every other person, otherwise the devise or bequest is void for uncertainty.' . . . there is no uncertainty or ambiguity in the designation, 'to the sons of my three brothers, Alfred, Sewell and Isaac Combs.' It does not read to the sons of one brother and two nephews, but to the sons of three brothers. Therefore parol evidence would not have been admissible in proof of the allegation in the complaint."

It would have been a simple matter had the testatrix desired appellants (children of her deceased sister) to share in her estate to have so stated and named them in her will. As pointed out, they were not even mentioned. We think it makes no difference that appellants' mother

was not living at the time the will was executed, the fact remains that she predeceased Bertha L. Allen, and before the will came into effect on the date that Bertha Allen died. Having concluded that it was the clear intention of the testatrix, Bertha L. Allen, that only such of her two sisters and brothers who survived her should share in her estate, we must and do affirm the judgment.