CLIFFORD SCHOLEM, ET AL v. FLETCHER LONG, EXECUTOR

5-4886                                    439 S.W. 2d 929

Opinion Delivered April 28, 1969

*Spitzberg, Mitchell & Hays* for appellants.

*Harold Sharpe* for appellee.

Conley Byrd, Justice. The trial court held that appellants Clifford Scholem and Edwin J. Scholem took under Grace Overholt's will as individuals rather than as members of a class and that consequently a devise to their brother, Percy L. Scholem, who predeceased the testatrix, lapsed.

The record shows that Grace Overholt died without issue. Her will contains fifteen clauses but only Article III thereof is for the benefit of living kinsmen. Article III provides:

> "I hereby give, devise and bequeath to Percy L. Clifford and Edwin J. Scholem of Little Rock, Arkansas, the property located at 115-117 Cypress Street, Brinkley, Arkansas, ... This property contains two store buildings; that these legatees be not permitted to sell or mortgage this land for a period of twenty (20) years following my death."

The will was submitted to the trial court for interpretation together with the following stipulation of facts:

> "Percy Scholem, Clifford Scholem and Edwin J. Scholem, the beneficiaries of said Article III, are natural brothers to each other, and Percy Scholem, one of the said beneficiaries, predeceased the testatrix, his death having occurred on May 21, 1960. Jake Samuel was the natural father of the testatrix; Rachael Samuel Scholem, sister of the said Jake

Samuel was the natural mother of the beneficiaries of said Article III. After the death of Jake Samuel, father of the testatrix, the testatrix's mother married I. Scholem. Following said marriage I. Scholem adopted Grace Samuel, later Grace Overholt. Joseph Scholem, brother to I. Scholem, was the father of the beneficiaries of said Article III. I. Scholem and Joseph Scholem at one time owned the realty described in Article III, and they together, as partners, operated a business thereon. At the time the will in this case was executed by the testatrix, there were no other living children of Joseph Scholem and Rachael Samuel Scholem than Percy Scholem, Clifford Scholem and Edwin J. Scholem. There are at present no other living brothers or sisters of the said beneficiaries of Article III of the will. The testatrix was survived by other living cousins, both in the Scholem line and in the Samuel line. The testatrix knew of the death of Percy Scholem.

"During the lifetime of Percy Scholem both he and Clifford Scholem maintained telephone contact with the testatrix each time they were in the city of her residence, and these contacts continued by Clifford Scholem after the death of Percy Scholem and until the death of the testatrix. The testatrix and Percy Scholem and Clifford Scholem corresponded with each other.

"No other beneficiary designated in the will of the testatrix is related to her by blood or marriage. Percy L. Scholem, Clifford Scholem and Edwin J. Scholem were the intended beneficiaries of Article III of the Will."

Under our law a legacy or devise lapses when the legatee or devisee dies before the testator except where the legacy or devise is to a child or other descendant of the testator. See Ark. Stat. Ann. § 60-410 (Supp. 1967)

and *Christy v. Smith,* 226 Ark. 289, 289 S.W. 2d 885 (1956). A further exception to the lapsing rule occurs where there is a gift to a class. See *Johnson* v. *Dunnings, Executor,* 227 Ark. 640, 301 S.W. 2d 457 (1957) and *Rand* v. *Thweatt, Administrator,* 222 Ark. 556, 261 S.W. 2d 778 (1953).

In the *Rand* case we found the general rule to be that where a bequest or devise is made to beneficiaries designated by name, they take as individuals rather than as a class, in the absence of a contrary intention appearing elsewhere in the will, or in the surrounding circumstances. In discussing the general rule, we there quoted from Page on Wills, § 1049, as follows:

> "Where there is a gift to a number of persons who are indicated by name, and who are also further described by reference to the class to which they belong, the gift is held *prima facie* to be a distributive gift and not a gift to a class.

> "The context, however, may show, that the names of the beneficiaries were added to the description of them as members of a class for the purpose of greater certainty, and that the paramount intention of testator was to make the gift to a class. In such case the gift will be treated as one to a class even if the names of the beneficiaries are given in the will..."

Appellants argue that since the decedent was meticulous in declaring that only the article III beneficiaries could own the land involved for 20 years, the conclusion that she was satisfied that no lapse would occur if anyone of them should predecease her is inescapable. Their argument is as follows:

> "In writing the clause 'that these legatees be not permitted to sell or mortgage this land for a period of twenty years following my death', the de-

cedent manifested her intention that the beneficiaries were to take as a class. She meant for the Scholems to hold the realty unto themselves for not less than two decades. How could she more clearly have declared that no person, including her residuary legatee, should acquire any interest in the land? She even guarded against the possibility that any other person acquire an interest through mortgage foreclosure. The testatrix adopted all measures within her perception, as expressed in Article III to declare that the realty must belong to the Scholems, and to none other than the Scholems. By precise language, she enjoined the beneficiaries from selling or encumbering to any stranger, not excluding other beneficiaries of the will, or to any relative by blood or marriage.''

We are unable to agree with appellants' argument. The devise named the individuals whom the testatrix intended to be the recipients of her bounty. As we read the *Johnson* and *Rand* cases, above, this constituted a gift to them as individuals rather than as a class unless there was a contrary or paramount intention of the testator to make the gift to a class. We are unable to find any such paramount intent expressed in the will here. Rather it appears to us, that the testatrix did not consider the possibility of a lapse.

Since the testatrix could easily have made manifest an intent to devise to appellants as a class by adding ''or survivor'' immediately following their names, it does not seem reasonable that she would deliberately choose a hard and doubtful means of accomplishing an end when an easier and more certain means was available. For these reasons we agree with the trial court that appellants took as individuals rather than as members of a class.

Affirmed.