EMMA ECKERT HEIRS *v.* HEWITT C. HARLOW, EXECUTOR

5-5793 476 S.W. 2d 244

Opinion delivered February 21, 1972

*Dan McCraw,* for appellants.

*Wood, Smith & Schnipper,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation relates to the construction of the residuary clause of the will of Charles E. Hinz, who died in Garland County on March 8, 1970. The will was executed on December 24, 1956, and the clause in question leaves all property to Leo M. Hinz, a brother, and Emma Eckert, a sister, share and share alike, (except for 20 shares of common stock in Glenwood Minerals Co., which was left to Hewitt C. Harlow). Emma Eckert predeceased Charles E. Hinz, and on the death of the latter, Harlow, executor of the estate, petitioned the Probate Court of Garland County to construe the clause, particularly as to the effect of the demise of Emma Eckert prior to that of the testator. Interested parties, in addition to Leo Hinz, are two other sisters, two other brothers, three nephews, and two nieces.[1] Thereafter, the probate court entered its order holding that the bequest of one-half of the residuum to Emma Eckert lapsed and the bequest passed as intestate property to be distributed to the heirs at law of Charles E. Hinz, one-fifth to the surviving brothers and sisters, and one-twenty fifth to each of the five children of Emma Eckert. From the order so entered, comes this appeal. For reversal, it is simply asserted that the court erred in holding that the devise to Emma Eckert lapsed.

In passing Act 303 of 1969 (Ark. Stat. Ann. § 61-151 [Repl. 1971]), known as the Inheritance Code of 1969, the General Assembly lifted two sections from the Uniform Property Act (never adopted in this state), which became Ark. Stat. Ann. §§ 61-151, 61-152 (Repl. 1971). Section 61-151 reads as follows:

"When any property is limited, mediately or immediately, in an otherwise effective testamentary con-

[1]The nephews and nieces, who gave notice of appeal, are the children of Emma Eckert.

veyance, in form or in effect, to the heirs or next of kin of the conveyor, or to a person or persons who on the death of the conveyor are some or all of his heirs or next of kin, such conveyees acquire the property by purchase and not by descent."

Act 303 abolished the doctrine of worthier title, and appellant says this action and these other provisions of this act (303) had the effect of preventing devises in a will to persons who thereafter predeceased the testator, from lapsing, and passing (under the laws of descent and distribution) as though the testator died intestate; that section 61-151 not only prohibits intestacy in situations where the doctrine of worthier title would apply, but also covers a wider range of wills.

It is not necessary that we discuss all of appellants' arguments, for we do not even agree that the wording of § 61-151 would permit the interpretation sought by appellants. It will be noted that the provisions of the section do not take effect until the death of the testator, and, of course, Emma Eckert could not have been an heir of the testator at the time of his death—for she had already died. Of equal or greater importance is the fact that § 60-410 (Repl. 1971), a part of the Probate Code of 1949, was not repealed by Act 303, though numerous other statutes were repealed. Section 60-410 provides that, unless a contrary intent is indicated, a devise or bequest to a descendant who dies before the testator shall not lapse if that descendant leaves a child "natural or adopted", but shall vest in such child or descendant of the deceased devisee.[2] We think it is very significant that this section was left unchanged.

[2]Sub-section b of § 60-410 reads as follows: "AVOIDANCE OF FAILURE OF DEVISE WHEN DEVISEE DIES BEFORE TESTATOR. Unless a contrary intent is indicated by the will, whenever property shall be devised to a child, natural or adopted, or other descendant of the testator, either by specific provision or as a member of a class, and such devisee shall die in the lifetime of the testator, leaving a child, natural or adopted, or other descendant who survives such testator, such devise shall not lapse, but the property shall vest in the surviving child or other descendant of such devisee, as if such devisee had survived the testator and died intestate."

1021

Of course, we have held dozens of times (except under the circumstances mentioned in § 60-410) that a legacy or devise lapses when a devisee or legatee dies before the testator. In *Christy* v. *Smith, Adm'r,* 226 Ark. 289, 289 S. W. 2d 885, this court said:

"Our rule appears well settled that a legacy or devise lapses when the legatee or devisee died before the testator. There is but one exception to this rule and that is where the legacy or devise is to a child or other descedent of the testator, § 60-410 Ark. Stats. 1947 Supp."

This holding was again reiterated in *Scholem* v. *Long,* 246 Ark. 786, 439 S. W. 2d 929 (1969).

From what has been said, it follows that the Garland County Probate Court properly construed the section of the will under discussion.

Affirmed.