**PEARL TRAVIS, joined by her husband, THEODORE TRAVIS (Two of the defendants below) v. M. W. ASHTON, as trustee of the property of WILLIAM LAWS, SR., and DRUSILLA LAWS, his wife (Plaintiff below), and ANNIE L. WILSON, joined by her husband, WADE H. WILSON (two of the defendants below).**

23 So. (2nd) 725 June Term, 1945
November 2, 1945 Division A

*G. P. Garrett* and *Edward K. Goethe,* for petitioners.

*Hull, Landis, Graham & French, D. C. Hull, John L. Graham* and *J. Lewis Hall,* for respondents.

TERRELL, J.:

October 8, 1932, William Laws, Sr., and his wife Drusilla Laws executed a trust deed to M. W. Ashton as trustee, conveying certain real and personal property to be held in trust with power to manage, lease, sell or reinvest, and pay the net income to the grantors for their natural life and in the event of the death of either, to pay the net income to the survivor.

The fourth paragraph of the trust deed, on which this suit depends is as follows:

"Upon the death of the grantors, William Laws, Sr., and Drusilla Laws, the net income from the said trust estate shall be divided into two equal portions and shall be paid over to their daughter, Annie L. Aldridge, and their grandson, Maurice Willie Emanuel, better known as William Laws, Jr., said income to be paid in four quarterly payments each year, on or before the first of January, April, July and October, for a period of three years, at the end of which time the estate shall be equally divided between their daughter, Annie L. Aldridge, and their grandson, Maurice William Emanuel, better known as William Laws, Jr., each to share and share alike."

William Laws, Sr., died January 20, 1933, a little more than three months after the trust deed was executed, William

Laws, Jr., died January 26, 1933, and Drusilla Laws died on May 24, 1944, more than twelve years after the execution of the trust deed. In August 1944, M. W. Ashton, as trustee under the deed of trust filed his bill of complaint for a declaratory decree, defining his duties with respect to the distribution of the income and corpus of the trust estate. Annie L. Wilson, daughter of William Laws, Sr., and her husband, Wade H. Wilson and Pearl Gaulden Laws Travis, wife of Theodore Travis, relict of William Laws Jr., were made parties defendant to the bill of complaint for declaratory decree.

In December, 1944, Annie L. Wilson joined by her husband Wade H. Wilson moved for an order dismissing Pearl Travis and her husband, Theodore Travis as improper and unnecessary parties defendant, for lack of interest in the subject matter of the litigation. This motion was on first consideration overruled, but on reconsideration and reargument was granted. The latter order is here for review by certiorari, under rule 34 of the rules of this court.

The question presented turns on the answer to this question; Did paragraph four of the trust deed as here quoted create a vested or a contingent remainder in favor of William Laws, Jr.

Petitioners contend that paragraph four created a vested remainder because the time of payment and delivery to William Laws, Jr., of his part of the estate was postponed solely for the purpose of exhausting the equitable life estate of grantors provided in the trust deed. Sorrels v. McNally 89 Fla. 457, 105 So. 106 is relied on to support this contention.

Respondents contend on the other hand that paragraph four of the will created a contingent remainder in favor of William Laws, Jr., and rely on Dean v. Crews, 77 Fla. 319, 81 So. 479, and like cases to support their contention. The chancellor upheld the contention of respondents.

In Sorrels v. McNally the main question before the court was the date of vestiture of a devise to Charles Otto Flinn, under the terms of the will of John B. Flinn. We approve the rule supported by the decided current of authority in this country to the effect that devises vest at the death of the

testator, unless there is a clear intent to postpone the vesting. We also held that all doubt as to whether a legacy is vested or contingent is resolved if possible in favor of vesting if this can be done by a fair and reasonable construction of the whole will and that no estate will be held to be contingent unless very decided terms are used in the will, or it is necessary to so hold in order to carry out the other provisions or implications of the will.

The rule is settled that where there is a devise to an individual or a class upon attaining a certain age, such devise is prima facie contingent, but when the devise carried to the same individual or class, the income from the estate to accrue in the meantime, it will be construed as conferring a vested interest. In other words, the strongest argument against contingency and in support of the early vestiture of devises, no contrary intent being shown, is the fact of the provision for enjoyment of the income by the legatee prior to coming in possession of the inheritance.

In Shackley v. Homer, L.R.A. 1915 C 993, the annotator reviews many cases and adduces the general rule; If it appears that a future gift is postponed in order to let in some other interest, or as it is sometimes expressed, for the benefit of the estate, the gift is vested notwithstanding, although the enjoyment is postponed, the presumption being that the testator postponed the distribution or payment for the purposes of prior bequest and not to prevent the ulterior legacy from vesting.

The law is also settled that if the element of futility is annexed to the substance of the gift, rather than the enjoyment of it, vesting is suspended and the gift is contingent. Appellants admit this rule, but they say they are within the exception to it since the very terms of the trust deed show that the time of payment is postponed only for the purpose of letting in the equitable life estate of the grantors. We approved this rule in the Sorrels case.

In the Sorrels case there was an outright vested gift, effective at the death of John B. Flinn, Jr., October 30, 1922. The grandson, Charles Otto Flinn was living at that time, and became entitled to all the income from the estate, though the

title was not to be delivered to him till he was thirty years of age. Only the enjoyment was deferred, so futurity was attached to the time of enjoyment and not to the substance of the gift. The gift in that case passed under Statute of descents.

In the case at bar, William Laws, Jr., died January 26, 1933, while Drusilla Laws died May 24, 1944, more than eleven years later, and twelve years after the execution of the trust deed. If William Laws, Jr., had outlived his grandmother, the Sorrels case would have perhaps controlled this case, but there was no intermediate gift to him, the only provision relating to him was the direction to divide and pay the income to him at the death of the grantor. He had previously passed away and never came into possession of the devise or the income from it.

In view of the fact that William Laws, Jr., could not come into the enjoyment of any part of the trust till after the death of the grantors which occurred more than eleven years after his death and the division was not to be made for three years longer, we think the element of futurity was annexed to the gift, so it was contingent, and did not become vested. This holding is supported by the fact that there is no suggestion of a gift over for appellant or anyone else in the event of the death of William Laws, Jr.

In this holding we do not overlook the insistence of appellants that postponement of vestiture was solely for the purpose of exhausting the estate of the grantors. The answer to this contention is that in a case like this, all rules of interpretation vanish before the clear intent of the trust deed and when read as a whole, we cannot escape the conclusion that the interest of William Laws, Jr., was in fact suspended during the life of the grantors, and since he predeceased them, his interest never vested. Since the testator did not make a gift over in favor of his granddaughter-in-law, a court should not construe the trust deed to make one when all of its intendments point in the opposite direction. From this it follows that the petition for certiorari must be and is hereby denied and the judgment appealed from is affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.