Gino HILL *v.* STATE of Arkansas

CA CR 95-1023                                   927 S.W.2d 820

Court of Appeals of Arkansas
Division I
Opinion delivered August 21, 1996

*William R. Simpson, Jr.*, Public Defender; *Tammy Harris*, Deputy Public Defender, by: *Fernando Padilla II*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. Appellant, Gino Hill, was convicted by a jury of delivery of a controlled substance and sentenced to twenty-five years in the Arkansas Department of Correction. On appeal, appellant argues that the trial court erred in improperly limiting appellant's cross-examination of the State's witness, Detective Elliott Johnson, as permitted under Rule 608(b) of the Arkansas Rules of Evidence. We agree and reverse and remand.

Appellant's arrest and subsequent conviction resulted from an undercover drug purchase. The operation was conducted by local police and involved the use of an undercover officer, Detective Johnson. Detective Johnson testified that on February 28, 1994, he made contact with appellant and advised appellant that he wanted to purchase $20 worth of crack cocaine. According to Detective Johnson, appellant handed him one piece of crack cocaine in exchange for the money. At trial, the State only offered the testimony of Detective Tony Brainard, Detective Johnson, and a chemist from the State Crime Laboratory, Michael Stage, who related that the substance in question was cocaine. At the beginning of the trial on February 28, 1995, the State moved in limine to prohibit the defense from referring in any manner to the reason that Detective Johnson left the police force. The trial court granted the

motion.

On appeal, appellant argues that the trial court erred in denying him the opportunity to cross-examine Detective Johnson under Rule 608 concerning a false police report the detective filed with the police department. We agree.

■ The State responds, however, that appellant proffered no testimony; therefore, we should decline to consider appellant's Rule 608 argument. A proffer is not necessary when the substance of the offer is apparent. *Billett v. State*, 317 Ark. 346, 877 S.W.2d 913 (1994). Here, the State filed a motion in limine to exclude the examination of Detective Johnson concerning the reason for his resignation from the police department. Appellant argued that the detective had filed a false police report and had given a false statement regarding his police vehicle being stolen. Appellant also proffered the police report. Under these facts, there is no question about the substance of the testimony. Since the substance of the testimony is clearly apparent, we reach the issue. A.R.E. Rule 103(a)(2).

■ Rule 608(b) provides in part:

(b) Specific Instances of Conduct. Specific instances of the conduct of a witness for the purpose of attacking or supporting his credibility ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness.

In interpreting this rule, the supreme court has adopted a threefold test for admissibility: (1) the question must be asked in good faith; (2) the probative value must outweigh its prejudicial effect; and (3) the prior conduct must relate to the witness's truthfulness. *Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983).

■■ In this case, the substance of the proffered inquiry involved two instances: one in which Detective Johnson made a false statement to the police department and the other in which Detective Johnson filed a false police report. The police report was proffered. It is clear from the proffered evidence that the intended questioning was being pursued in good faith. Also, it is without question that these instances of misconduct are related to the wit-

ness's veracity and were thus probative of his capacity for truthfulness as required by the rule.

In the case of *Urquhart v. State*, 30 Ark. App. 63, 782 S.W.2d 591 (1990), the defendant was convicted after a drug "sting" operation of delivery of a controlled substance. The undercover officer responsible for the purchase was the only witness to testify as to the events of the drug transaction. The defense wished to cross-examine the witness concerning two instances in which the witness made false statements. The trial court did not allow the cross-examination. We reversed and remanded, noting that credibility was a key to the State's case and it was crucial to the appellant's case that he be allowed to conduct as full an impeachment of the witness's credibility as the rules of evidence allow. Therefore, we concluded that the appellant should have been allowed to pursue the line of questioning, and the trial court abused its discretion by limiting cross-examination on the issue.

In this case, Detective Johnson was the only witness to testify to the events of the actual drug purchase. Therefore, appellant should have been allowed to question Detective Johnson concerning his false statement and filing of a false police report. The trial court abused its discretion in limiting the cross-examination; therefore, we reverse and remand.

Reversed and remanded.

PITTMAN and STROUD, JJ., agree.