GUNTHER, J.
The appellant, Justin David TeGroten-huis, appeals the trial court’s order dismissing his third amended complaint with prejudice. We affirm, but comment briefly on the appellant’s status as a contingent beneficiary.
The appellant’s grandmother died testate. Her will provided that certain portions of her estate should be transferred into three separate trusts with the appellant’s grandfather as the income beneficiary. After the appellant’s grandfather disclaimed his interest, the grandmother’s children, including the appellant’s father, became the income beneficiaries. The appellant is seeking declaratory relief and an accounting based upon his interest provided in the following trust provision:
If any such child shall die leaving no issue, then the income that would have been distributed to him (or her) shall be paid to the surviving beneficiary of said trust, and at his (or her) death, the trust res that produced such income shall be distributed to my then living grandchildren, share and share alike. If any *1058 child shall die leaving issue, then the income that would have been paid to the issue of the parent of said issue if he or she would have lived shall be paid to said issue or accumulated in trust, as trustee shall determine. When the youngest of the issue of any one of my children (then dead) reaches the age of twenty-one years, the entire one-half portion of the trust res, i.e. that part from which the income was or should have been distributed to my (now dead) child if he had lived, shall be distributed to his children, share and share alike per stirpes.
(emphasis added).
The Florida Supreme Court commented on the distinction between vested and contingent remainders as follows,
The rule seems to be well settled that where there is a devise to an individual or a class upon attaining a certain age, such devise is prima facie contingent; but when the devise carries to the same individual or class, the income from the estate to accrue in the meantime, it will be construed as conferring a vested interest.
Sorrels v. McNally, 89 Fla. 457, 467, 105 So. 106, 110 (1925) (emphasis added). When “the element of futurity is annexed to the substance of the gift, rather than the enjoyment of it, vesting is suspended and the gift is contingent.” Travis v. Ashton, 156 Fla. 529, 532, 23 So.2d 725, 726 (1945). “An estate is contingent if, in order for it to become a present estate, the fulfillment of some condition precedent other than the determination of the preceding freehold estates is necessary.” Story v. First Nat’l Bank and Trust Co., 115 Fla. 436, 445, 156 So. 101, 105 (1934).
We conclude that the element of futurity is annexed to the substance of the appellant’s gift and that the appellant is a contingent beneficiary. See Travis, 156 Fla. at 532, 23 So.2d at 726 (explaining that when futurity is annexed to the substance of the gift as opposed to the enjoyment, the gift is contingent). Presently, the appellant is the youngest grandchild and his father, who is a current income beneficiary, is still alive. Therefore, in order for the appellant to take under the terms of the trust, the following conditions would have to occur: (1) the appellant’s father would have to die leaving issue, one of whom must be the appellant and (2) the trustee must decide to distribute income or (3) the youngest grandchild (currently, the appellant) must reach age twenty-one. These conditions have not yet been met. In addition, the income is not accruing for the benefit of the appellant; rather it is being distributed to the current income beneficiaries. As such, the appellant is a contingent beneficiary and not currently entitled to the relief requested. Accordingly, we affirm the trial court’s dismissal of the third amended complaint with prejudice.
AFFIRMED.
GROSS and HAZOURI, JJ., concur.