Renda KIDWELL *v.* Margie RHEW

07-886                                                    268 S.W.3d 309

Supreme Court of Arkansas
Opinion delivered November 15, 2007

*Hyden, Miron & Foster, PLC*, by: *Lori L. Holzwarth, Lyle D. Foster,* and *Guy W. Murphy, Jr.,* for appellant.

*Millar Gibson, P.A.,* by: *Buck C. Gibson,* for appellee.

Tom Glaze, Justice. In this case, appellant Renda Kidwell asks our court to determine whether Arkansas's pretermitted-heir statute, Ark. Code Ann. § 28-39-407(b) (Repl. 2004), should apply to a revocable *inter vivos* trust. Irene Winchester established the Irene Winchester Revocable Trust on January 25, 2000. The trust named Winchester as trustee and her daughter, appellee Margie Rhew, as successor trustee upon Winchester's death. Winchester conveyed various parcels of property to the trust during her life, including tracts of real property in Jackson and White counties.

Although Winchester created the trust, she never executed a will, and she died intestate on March 14, 2004. Following her death, Kidwell was appointed as special administrator of Winchester's estate on October 15, 2005. As special administrator, Kidwell identified three separate assets that were potentially includable in Winchester's estate, including the parcels of real estate that had been transferred to the trust during Winchester's lifetime. On September 26, 2006, Kidwell petitioned the Probate Division of the White County Circuit Court for an injunction against Rhew, preventing Rhew from disposing of the property "until rightful ownership shall be determined." In a brief supporting her motion for injunction, Kidwell argued that the pretermitted-heir statute should apply to "dispositions made by testamentary will substitutes, such as an inter vivos trust."

The circuit court entered an order on March 13, 2007, rejecting Kidwell's argument and finding that § 28-39-407(b) was "clear on its face and, by explicit terms, applies only to wills and not to trusts created during the life of the settlor." Accordingly, the court denied Kidwell's request to receive an intestate share of Winchester's estate; the court also discharged Kidwell as administrator of the estate and declared that the estate was closed. Kidwell filed a timely notice of appeal,[1] and now raises three points for

---

[1] On May 18, 2007, Kidwell filed a motion pursuant to Ark. R. App. P.–Civ. 4(b)(3) for an extension of time to file her notice of appeal. In that motion, she alleged that, despite repeated phone calls to the White County Clerk's office, she was never notified that the circuit

reversal; however, because each of her three arguments are similar, we treat them together in this opinion.

The fundamental question in this case involves the interpretation of § 28-39-407(b). Our standard of review for issues involving the interpretation of a statute is *de novo* on appeal. See *Health Facilities Management Corp. v. Hughes*, 365 Ark. 237, 227 S.W.3d 910 (2006); *Wal-Mart Stores, Inc. v. P.O. Market, Inc.*, 347 Ark. 651, 66 S.W.3d 620 (2002). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See Hughes, supra.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.* Moreover, the probate court is a court of special and limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or by statute, or are necessarily incident to the exercise of the jurisdiction and powers granted, and the authority and jurisdiction of probate courts are to be strictly construed. *See Poe v. Case*, 263 Ark. 488, 565 S.W.2d 612 (1978); *Hilburn v. First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976).

A pretermitted heir is a "child or spouse who has been omitted from a will, as when a testator makes a will naming his or her two children and then, sometime later, has two more children who are not mentioned in the will." *Black's Law Dictionary* 742 (8th ed. 2004). Arkansas's pretermitted-heir statute provides as follows:

> If, *at the time of the execution of a will*, there is a living child of the testator, or living child or issue of a deceased child of the testator, whom the testator shall omit to mention or provide for, either specifically or as a member of a class, the testator shall be deemed to have died intestate with respect to the child or issue. The child or issue shall be entitled to recover from the devisees in proportion to the amounts of their respective shares, that portion of the estate which he or she or they would have inherited had there been no will.

§ 28-39-407(b) (emphasis added).

---

court's order had been entered; she did not receive word that the order had been filed until May 16, 2007. The trial court granted Kidwell's motion on May 25, 2007, finding that neither Kidwell nor her attorney had received notice of the signing or entry of the court's order; in addition, the court found that less than 180 days had elapsed since the filing of the order, and no party would be prejudiced by the requested extension. Kidwell filed her notice of appeal on May 31, 2007.

The purpose of the pretermitted-child statute is to avoid the inadvertent or unintentional omission of children or issue of deceased children unless an intent to disinherit is expressed in the will. *Alexander v. Estate of Alexander*, 351 Ark. 359, 93 S.W.3d 688 (2002); *Holland v. Willis*, 293 Ark. 518, 739 S.W.2d 529 (1987). This court has stated that the object of the statute is "to prevent injustice to a child or descendant from occurring by reason of the forgetfulness of a testator who might, at the time of making his will, overlook the fact that he had such child or descendant." *Petty v. Chaney*, 281 Ark. 72, 73, 661 S.W.2d 373, 374 (1983).

On appeal, Kidwell argues that, "if Irene Winchester's testamentary disposition of her estate had been by a Last Will and Testament containing the same terms of the Irene Winchester Revocable Trust, Renda Kidwell would have rights as a pretermitted heir." The immediate and obvious difficulty with that argument is that Winchester *did not* dispose of her property by way of a will. Instead, Winchester disposed of her property through an *inter vivos* trust.

A will and a trust are two different things entirely. A will is a disposition of property to take effect upon the death of the maker of the instrument. *See Edmundson v. Estate of Fountain*, 358 Ark. 302, 189 S.W.3d 427 (2004); *Faith v. Singleton*, 286 Ark. 403, 692 S.W.2d 239 (1985). A trust, on the other hand, is a fiduciary relationship in which one person is the holder of the title to property subject to an equitable obligation to keep or use the property for the benefit of another. *See, e.g., Halliburton Co. v. E.H. Owen Family Trust*, 28 Ark. App. 314, 773 S.W.2d 453 (1989). As the terms are not interchangeable, it follows that the pretermitted-heir statute, which speaks only in terms of the "execution of a will," does not apply in instances in which there is no will.

Nonetheless, Kidwell argues that this court should look to the Restatement (Second) of Property, Donative Transfers § 34.2 (1992), which provides as follows:

> (2) If the donative transfer is under a substitute for a will, or under a transfer revocable by the donor at the time of the donor's death, and an issue of the donor who would take a share of the donor's property on the donor's death intestate is omitted as a beneficiary, in the absence of a statute in the controlling state, the policy of the statute in the controlling state applicable to an omitted issue in a will should be applied by analogy to the omitted issue in the substitute for a will, or in the transfer revocable by the donor at the time of the donor's death.

Kidwell urges the court to adopt this language, claiming that when there is no controlling case law, this court will "consistently rely on the Restatements." However, Kidwell fails to note that the Statutory Note and Reporter's Notes on Section 34.2 do not favor her position. The preface to the Statutory Note to Section 34.2 points out that the statutes cited therein "are applicable in terms only to wills. No statutes have been found which apply generally to any omitted intestate beneficiary. In addition, no statutes were found that extend the policy governing the omitted child statutes to will substitutes." Further, the Reporter's Note to Section 34.2 states the following:

> No cases have been found in which the protections by statute or case law afforded to a child omitted from a will have been extended to apply to a child omitted from a will substitute used as a comprehensive dispositive plan. Courts that have addressed the issue have decided against expanding the policy.

We decline to adopt the Restatement's provisions. According to its clear language and express terms, Arkansas's statute applies only to wills. When the language of the statute is clear and unambiguous, there is no need to resort to rules of statutory construction, as Kidwell would have us do. *See City of Fort Smith v. Carter*, 364 Ark. 100, 216 S.W.3d 594 (2005) (if the language of the statute is plain and unambiguous, the analysis need go no further). Here, the pretermitted-heir statute speaks only in terms of wills, and not of trusts, and Kidwell cites no convincing authority that would compel this court to reach the conclusion she urges. Accordingly, we affirm the trial court's finding that § 28-39-407(b) applies only to wills and not to trusts created during the life of the settlor.

HANNAH, C.J., not participating.