PER CURIAM.
Andrew Darían, personal representative of the estate of his father, James E. Hughes, and trustee of the James E. Hughes Living Trust, appeals a final summary judgment entered in favor of Elizabeth Ann Weymouth, personal representative of the estate of her mother, Martha Mayfield Hughes. The probate court ruled that Mrs. Hughes’ interest under the Hughes Trust vested upon the creation of the Trust and did not lapse upon her death. Accordingly, the probate court awarded Mrs. Hughes’ interest in the Trust to her estate. For reasons explained below, we reverse.

Factual Background

On March 15, 1999, James E. Hughes and Martha Mayfield entered into a prenuptial agreement. Shortly thereafter, they were married. In August of the following year, James executed the James E. Hughes Living Trust Agreement in compliance with the prenuptial agreement. The Trust made provisions for disposition of Hughes’ estate upon his death. Upon his death, Martha would receive the family home in Florida, the country home in North Carolina, a sum of one million dollars, the contents of the residences, and various other items of personal property. His will was a pour-over will that expressly incorporated the terms of the James E. Hughes Living Trust. The Trust did not specifically indicate what was to be done with the property bequeathed to Martha in the event that James survived Martha.
On September 3, 2004, James and Martha Hughes were shot and killed by Thomas Kleingartner, Martha’s adopted son from a prior marriage. Both died as a result of gunshot wounds to the head. Because the coroner was unable to determine which spouse predeceased the other, the probate court deemed their deaths to be simultaneous, pursuant to section 732.601(1), Florida Statutes,[1] and entered *17 an order to that effect in the probate of Mr. Hughes’ estate. Accordingly, Mr. Hughes’ property was to be disposed of as if he survived Mrs. Hughes.
To determine whether Mrs. Hughes was required to survive Mr. Hughes in order to receive benefits under the Trust, Andrew Darían, son of Mr. Hughes and personal representative of his estate, filed a “Complaint for Construction of Trust Instrument and Determination of Beneficial Interests Under Trust.” Elizabeth Wey-mouth, daughter of Mrs. Hughes and personal representative of her estate, filed an answer and counterclaim, seeking to enforce the provisions of both the Prenuptial Agreement and the Hughes Trust. Both parties, after a long and acrimonious battle, filed motions for summary judgment. Weymouth argued that her mother’s interest became vested upon the creation of the Trust and was contingent solely upon Mr. Hughes not revoking it prior to his death. Darían argued that Mrs. Hughes’ interest was contingent upon her surviving Mr. Hughes, and lapsed when she pre-de-ceased him. The trial court determined that Mrs. Hughes’ interest in the Trust vested prior to Mr. Hughes’ death, and accordingly awarded the disputed property to Mrs. Hughes’ estate.

Analysis

Both parties agree that there are no genuine issues of material fact and that the issues presented are pure questions of law. We review a trial court’s order granting summary judgment de novo. Mobley v. Gilbert E. Hirschberg, P.A., 915 So.2d 217, 218 (Fla. 4th DCA 2005).
First, we note that the common law controls this case. Section 736.1106(2), Florida Statutes, Florida’s antilapse statute, applies only to trusts which became irrevocable on or after July 1, 2009. Section 737.6035(2)(c), Florida Statutes, Florida’s previous antilapse statute, applied only to trusts executed on or after June 12, 2003. The James E. Hughes Living Trust was executed in August of 2000 and became irrevocable in September of 2004. Thus, neither statute controls.
In Florida, the creation of a living trust, standing alone, is not an event which vests the interests provided by a trust agreement. Travis et. Al. v. Ashton et al., 156 Fla. 529, 23 So.2d 725, 727 (Fla.1945) (holding that beneficiary of trust deed who predeceased grantors did not receive a vested interest at time of trust creation. Where element of futurity was annexed to substance of gift rather than enjoyment of it, vesting was suspended and the gift was “contingent.”); Brundage v. Bank of Am., 996 So.2d 877, 882 (Fla. 4th DCA 2008) (stating that the settlor of a revocable trust, of which he is the sole beneficiary until death, may change or revoke the trust at any time); Fla. Nat’l. Bank of Palm Beach Cty. v. Genova, 460 So.2d 895, 897 (Fla.1984) (stating that beneficiaries of revocable living trust do not come into possession of trust property until the death of the settlor, and even then their interest is contingent upon the settlor not exercising the power to revoke). A beneficiary’s interest in a trust vests upon the death of the settlor. Sorrels v. McNally, 89 Fla. 457, 105 So. 106, 107 (1925).
In this case, no sufficient event existed to vest Mrs. Hughes’ interest in the Trust prior to her husband’s death. In Travis, the Florida Supreme Court held that an intended beneficiary’s interest is suspended during the life of the grantor. 23 So.2d at 726. The intended beneficia *18 ry’s interest lapses should the beneficiary predecease the grantor. Id. Mr. Hughes was the sole trustee and beneficiary under the Trust during his life. Mrs. Hughes was among the contingent residual beneficiaries whose interest came into creation only upon the death of Mr. Hughes and who were entitled to distribution of the then remaining corpus of the trust. Because it was judicially determined that Mrs. Hughes predeceased her husband, her interest in the Trust lapsed upon her death.
We therefore reverse and remand for entry of summary judgment in favor of appellant.
Reversed and Remanded.
TAYLOR, HAZOURI, and LEVINE, JJ., concur.

. Section 732.601(1), Florida Statutes, states: When title or property or its devolution depends on priority of death and there is insufficient evidence that the persons have died otherwise than simultaneously, the prop *17 erty of each person shall be disposed of as if that person survived. Fla. Stat. § 732.601(1) (2004).