2012 Ark. 455

Debbie TAIT, Kerry Jones, Leanna Lackey, and Lesia Winters, Appellants

v.

COMMUNITY FIRST TRUST COMPANY, William L. Kerst, The Fowler Family Trust, Appellees.

No. 12–406.

Supreme Court of Arkansas.

Dec. 6, 2012.

Singleton Law Firm, P.A., by: Charles R. Singleton, Little Rock, and Damon C. Singleton, for appellants.

Maddox & Maddox, by: J. David Maddox, Mena; and Robert W. Hardin, P.A., by: Robert W. Hardin, Russellville, for appellees.

COURTNEY HUDSON GOODSON, Justice.

Appellants Debbie Tait, Kerry Jones, Leanna Lackey, and Lesia Winters appeal the order entered by the Polk County Circuit Court denying their claim to a share in the Fowler Family Trust over which appellee Community First Trust Company (Community First) serves as trustee.[1] For reversal, appellants contend that the circuit court erred in ruling that the interests of beneficiaries who predecease the surviving settlor of an inter vivos trust lapse upon the death of the beneficiaries. This case presents an issue of first impression, thus our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1). We hold that the interests of the beneficiaries did not lapse, and we reverse and remand.

The parties agree on the essential facts. William J. Fowler and his wife Annie R.

---

1. Appellee William L. Kerst is the president and chief executive officer of Community First Trust.

Fowler resided in Mena in Polk County. William had no offspring, but Annie had six children from a previous marriage. In November 2000, the couple established the Fowler Family Trust. The trust res consisted of the following three classes of property: (1) property that William had owned separately, (2) property that Annie had owned separately, and (3) property that William and Annie had owned jointly. The trust authorized the trustee to dispense to William and Annie the income and principal during their lifetimes as needed for their support. Although initially the trust was revocable, the trust instrument provided that it would become irrevocable when either William or Annie died. At the death of the survivor, the trust was to terminate, and the principal and income of the trust was to be distributed in the following manner. The jointly owned property and William's separate property was to be apportioned equally among William's two stepchildren, Dale Paschal Jones and Billy Ray Jones, and ten of his nieces and nephews, including Tommy Dean Fry. Annie's separate property was to be disbursed in equal shares to three of her children.

Annie died in May 2001. William's stepson Dale Paschal Jones died in November 2004, survived by his daughters, appellants Leanna Lackey and Lesia Winters. William's other stepson, Billy Ray Jones, died in November 2008, survived by his daughters, appellants Debbie Tait and Kerry Jones. William's niece, Tommy Dean Fry, died in June 2009 without issue. After the deaths of these three named beneficiaries, William died in January 2011.

On August 19, 2011, Community First filed a petition to construe the trust in the Polk County Circuit Court. It took the position that the interests of the deceased beneficiaries lapsed because they predeceased William, the surviving settlor, and that appellants, the descendants of William's stepsons, were not entitled to share in the remainder of the trust. As authority for this contention, Community First relied on the anti-lapse provision of Arkansas Code Annotated section 28–26–104(2) (Repl.2012). Appellants answered the complaint and filed a motion to modify Community First's proposed distribution excluding them from participation in the trust proceeds. They argued that the interests of the deceased beneficiaries did not lapse because their interests vested at the time the trust was created. Citing *Kidwell v. Rhew*, 371 Ark. 490, 268 S.W.3d 309 (2007), where this court held that the pretermitted-heir statute of the probate code did not apply to trusts, appellants argued that the anti-lapse statute found in the probate code was not applicable to trusts.

The circuit court held a hearing, and the parties filed posttrial briefs. At the circuit court's request, the parties discussed the significance of the decision in *Farr v. Henson*, 79 Ark.App. 114, 84 S.W.3d 871 (2002), where the court of appeals commented that the interest of a beneficiary of an inter vivos trust would lapse if the beneficiary died before the settlor. Appellants continued to argue that the anti-lapse statute did not apply, whereas Community First claimed that the statute supported its contention that the interests had lapsed. Further, appellants argued that the circuit court should be guided by Arkansas Code Annotated section 28–72–417(a)(3)(iv) (Repl.2012), which provides that the interest of a beneficiary of a custodial trust passes to the estate of the deceased's beneficiary upon termination, while Community First responded that this provision applied only to custodial trusts. As an additional argument, Community First urged that, in accordance with Arkansas Code Annotated section 28–73–106 (Repl.2012), the common law of

trusts supplements the Arkansas Trust Code. Citing *In re Estate of Button,* 79 Wash.2d 849, 490 P.2d 731 (1971), it claimed that, at common law, a gift in trust lapses if a beneficiary dies prior to the death of the settlor.

The circuit court issued its decision by letter opinion. The circuit court found that section 28–72–417 of Custodial Trust Act applied to a limited type of trust and was thus inapplicable to this inter vivos trust. The court also found that the anti-lapse statute did not answer the question of whether the interests of the deceased beneficiaries lapsed because they did not survive the settlor. The court rejected appellants' argument that the interests of the beneficiaries vested at the time the property was transferred to the trust. Instead, the court reasoned that vesting occurred upon the death of the settlors. The circuit court noted that the "dicta" in the *Farr* decision provided the only guide in Arkansas law and noted that the view expressed in that case was consistent with the "apparent common law rule" that a beneficiary's interest lapses if the beneficiary predeceases the settlor. Applying the "common law rule," the court found that appellants could not share in the trust because their fathers' interests lapsed when they predeceased William. From the circuit court's order incorporating its decision, appellants bring this appeal.

For reversal, appellants argue that the anti-lapse statute does not apply to trusts and that the circuit court erred by ignoring the intent of the settlors because the trust instrument manifests no intent for the beneficiaries' interests to lapse. They assert that the circuit court should have looked to the provisions of the Custodial Trust Act before relying on a decision from another jurisdiction. Appellants further contend that the circuit court erred in relying on dicta from the court of appeals'

decision in *Farr*. Community First responds that the interests of the beneficiaries vested at the death of the surviving settlor and that the circuit court correctly applied the common law of trusts in ruling that the interest of the beneficiaries lapsed.

The question we must decide is whether the interest of a beneficiary to an inter vivos trust lapses when the beneficiary dies before the settlor. Where the issue is one of law, our review is de novo. *Middleton v. Lockhart,* 2012 Ark. 131, 388 S.W.3d 451. As the parties point out, the Arkansas Trust Code, found at Arkansas Code Annotated sections 28–73–101 to 28–73–1106 (Repl.2012), contains no provision regarding the lapse of interests with respect to inter vivos trusts. Arkansas Code Annotated section 28–73–106 does provide that "[t]he common law of trusts and principles of equity supplement this chapter, except to the extent modified by this chapter or another statute of this state." Also, Arkansas Code Annotated section 28–73–112 (Repl.2012) states that "[t]he rules of construction that apply in this state to the interpretation of and disposition of property by will also apply as appropriate to the interpretation of the terms of a trust and the disposition of trust property." Our probate code contains an anti-lapse provision at Arkansas Code Annotated section 28–26–104(2):

> Whenever property is devised to a child, natural or adopted, or other descendant of the testator, either by specific provision or as a member of a class, and the devisee shall die in the lifetime of the testator, leaving a child, natural or adopted, or other descendant who survives the testator, the devise shall not lapse, but the property shall vest in the surviving child or other descendant of the devisee, as if the devisee had survived the testator and died intestate.

Pursuant to this statute, a legacy or devise in a will lapses when the legatee or devisee dies before the testator, except where the legacy or devise is to a child or other descendant of the ⌊₆testator or where there is a gift to a class. *Scholem v. Long,* 246 Ark. 786, 439 S.W.2d 929 (1969); *Christy v. Smith,* 226 Ark. 289, 289 S.W.2d 885 (1956). In *Kidwell, supra,* we held that "the pretermitted-heir statute, which speaks only in terms of the 'execution of a will,' does not apply in instances in which there is no will." *Kidwell,* 371 Ark. at 493, 268 S.W.3d at 312.

Here, the circuit court did not rule that the anti-lapse statute worked to divest the deceased beneficiaries and their heirs of their interests in the trust. Instead, the court ruled that the interests of the beneficiaries did not vest until William died, and the court applied what it believed to be the common-law rule with respect to trusts. For this rule of law, the circuit court relied on the decision of the Washington Supreme Court in *Button, supra.* In that case, the court stated that "[i]t was the rule at common law that a gift in trust lapsed upon the death of the beneficiary prior to the death of the trustor." *Button,* 490 P.2d at 734. As authority for that proposition, the court cited Restatement (Second) of Trusts § 112m, comment f (3d ed.1967):

> f. Person who has died. A person who has died prior to the creation of a trust cannot be a beneficiary of the trust. Thus, if property is transferred inter vivos in trust for a named person who is dead at the time of the transfer, no trust is created. In such a case the transferee ordinarily holds upon a resulting trust for the transferor. See § 411. *So also, if a testator devises property in*

*trust for a person who predeceases him, the devise of the beneficial interest lapses, and the person named as trustee ordinarily holds the property upon a resulting trust for the estate of the testator.* See § 411. By statute, however, in many States a devise does not lapse under certain circumstances, as for example if the devisee leaves a child; and under similar circumstances a devise of the beneficial interest under a trust does not lapse.

(Emphasis supplied.) In stating that a beneficial interest lapses, the Restatement uses the words "testator," "devises" and "devise." The use of these terms implies that this common‑law₇ rule of lapsing applies to testamentary trusts, not to inter vivos trusts, as a testamentary trust only becomes operative at the death of the testator.[2] *See Hinds v. McNair,* 413 N.E.2d 586 (Ind.Ct.App.1980). The *Button* court also referred to the treatise of Scott on Trusts. There, it is said that the common-law rule of lapse applies to testamentary trusts, but it also recognizes that the rule is different with regard to inter vivos trusts:

> In the case of an inter vivos trust, it has been held that the death of a beneficiary, before the death of the settlor, does not cause a lapse even though the trust is revocable. The beneficiary has a vested interest, though subject to defeasance by revocation of the trust.

2 Austin W. Scott and William F. Fratcher, *The Law of Trusts* § 112.3 (4th. ed.1987). In addition, the decision in *Button* has been criticized. *See* J.R. Kemper, Annotation, *Anti–Lapse Statute as Applicable to Interest of Beneficiary under Inter Vivos Trust who Predeceases Life–Tenant Settlor,* 47 A.L.R.3d 358 (1973).

---

**2.** By definition, a testamentary trust is "one created by the terms of a will ... [to] take effect ... [at] the testator's death." G. Bo-

gert, *The law of Trusts and Trustees,* § 1301 (2d. ed.1969).

Moreover, appellate courts in Maine and Michigan have declined to follow it. *First Nat'l Bank of Bar Harbor v. Anthony,* 557 A.2d 957 (Me.1989); *Detroit Bank & Trust Co. v. Grout,* 95 Mich.App. 253, 289 N.W.2d 898 (1980).

The greater weight of authority holds that the interest of a beneficiary to an inter vivos trust does not lapse when the beneficiary predeceases the settlor. This rule is based on the principle that the interests of such beneficiaries vests when the trust is created and thus does not lapse with the death of the beneficiary. *See Baldwin v. Branch,* 888 So.2d 482 (Ala.2004); *Randall v. Bank of Am. Nat'l Trust & Sav. Ass'n,* 48 Cal.App.2d 249, 119 P.2d 754 (1941); *First |₈Galesburg Nat'l Bank & Trust Co. v. Robinson,* 149 Ill. App.3d 584, 102 Ill.Dec. 894, 500 N.E.2d 995 (1986); *Hinds v. McNair, supra; First Nat'l Bank of Bar Harbor v. Anthony, supra; Detroit Bank & Trust Co. v. Grout, supra; Bland v. Branch Banking & Trust Co.,* 143 N.C.App. 282, 547 S.E.2d 62 (2001); *First Nat'l Bank of Cincinnati v. Tenney,* 165 Ohio St. 513, 138 N.E.2d 15 (1956). *But see Darian v. Weymouth,* 76 So.3d 15 (Fla.Dist.Ct.App.2011) (holding that beneficiary's interest is suspended and contingent during the life of the settlor and thus interest lapses if the beneficiary does not survive the settlor).

Perhaps the leading case is the decision of the Ohio Supreme Court in *Tenney, supra.* The court in *Tenney* held that an inter vivos trust reserving to the settlor the income for life plus the power to revoke, with a remainder over at the death of the settlor, creates a vested interest in the remainderman subject to defeasance by the exercise of the power of revocation. Similarly, the Illinois appellate court in *Robinson, supra,* held that a delay in enjoyment of possession does not imply a requirement of survival by the remainder-

man before the remainder is vested. The court concluded that the words calling for distribution "at death," "after death," or "upon death" do not refer to the time when the remainder vests, but rather to the time when the remainderman becomes entitled to possession. The *Robinson* court thus held that the beneficiaries took a present right to the remainder upon execution of the trust instrument, although enjoyment was postponed until the termination of the life estates of the settlors. *See also Randall v. Bank of Am. Nat'l Trust & Savings Ass'n, supra* (holding that the inter vivos trust created a present, vested interest in the beneficiaries subject to divestment by amendment or revocation, even when the trust provided that "on [the settlor's] death the |₉[remainder] shall vest").

The view of these courts is consistent with Arkansas law on vesting with respect to a beneficiary's interest in an inter vivos trust. In *Sutter v. Sutter,* 345 Ark. 12, 43 S.W.3d 736 (2001), this court was called upon to decide the validity of an inter vivos trust. In holding that the trust was valid, we found persuasive the decision of *United Building & Loan Association v. Garrett,* 64 F.Supp. 460 (W.D.Ark.1946). In discussing this case, we said,

In considering the one trust wherein Garrett fixed the termination date to be one year after the death of the settlor, the federal court further ruled such provision did not make the trust instrument testamentary, *since the trust terms had passed an interest in the res to the beneficiaries during the life of the settlor, even though possession or enjoyment thereof was postponed until the death of the settlor. Id.* at 465. The court further recognized that the policy of the law favors the vesting of interests and, where possible, will construe a provision as a condition subsequent in preference to a condition precedent. *Id.*

*Sutter,* 345 Ark. at 18–19, 43 S.W.3d at 740 (emphasis added). We also quoted the decision in *Farkas v. Williams,* 5 Ill.2d 417, 125 N.E.2d 600 (1955), where the Illinois Supreme Court, relying on the *Garrett* case, wrote as follows:

> So long as the trust continues, the cestuis have equitable interests, no matter who acts for them in protecting those interests, whether it be trustee or settlor. If the exercise of these powers by the settlor involves the total or partial destruction of the trust, as where the settlor has power to sell the res and keep the proceeds, the power seems to be treated as practically that of revocation of the trust. It leaves an equitable interest in the cestuis till revocation. *It shows a vested interest, subject to divestment, and not the lack of any interest at all.*

*Farkas,* 125 N.E.2d at 608 (emphasis provided in *Sutter* ). Thus, in Arkansas we have recognized that a beneficiary's interest in an inter vivos trust vests at the creation of the trust.

We now hold that the interest of a beneficiary to an inter vivos trust vests at the time the trust is created, and thus the beneficial interest does not lapse when the beneficiary predeceases the settlor. To the extent that the court of appeals' decision in *Farr, supra,* is inconsistent with this opinion, we overrule it. Because we hold that the interests of the deceased beneficiaries did not lapse, we need not address appellants' arguments concerning whether our anti-lapse statute or the provision regarding custodial trusts could apply to an inter vivos trust. We reverse and remand for proceedings consistent with this decision.

Reversed and remanded.