Eddie MALONE *v.* Randy GUYNES, et al.

CA 06-462                                      250 S.W.3d 260

Court of Appeals of Arkansas
Opinion delivered February 21, 2007

*Holleman & Associates, P.A.*, by: *John T. Holleman, IV*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: Bruce B. Tidwell, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. The appellant owns a house in a residential subdivision subject to several restrictive covenants, including a prohibition against construction of multifamily dwellings. Appellant attempted to build a duplex in the subdivision in violation of the covenant limiting use to single-family residences. Appellees, who are owners of other lots in the subdivision, sued to enjoin construction. Both sides moved for summary judgment; the trial court granted summary judgment to appellees. On appeal,

appellant contends that the trial court erred in granting appellees' motion for summary judgment, arguing that the restrictive covenant is void as violative of the rule against perpetuities and, in the alternative, that the covenant limiting construction to single-family dwellings was unenforceable because other restrictive covenants had been violated in the past.

Appellant's first argument is without merit. The Arkansas Constitution forbids "perpetuities" but does not describe them. Ark. Const. art. 2, § 19. The doctrine of perpetuities is a creation of the common law that arose out of conflict between courts striving to maintain the alienability of property and feudal lords attempting to amass and control wealth over generations. It has its origins in *The Duke of Norfolk's Case*, 3 Ch. Cas. 1, 22 Eng. Rep. 931 (Ch. 1682), a case involving a donative transfer of land to family members that attempted to control the ownership of the property by future generations through a series of contingent interests. There, Lord Chancellor Nottingham held that any future interest is good if based on a contingency that must occur within lives in being, expressly leaving undecided the question of "the utmost Limitation of a Fee upon a Fee." *Id.* at 37, 22 Eng. Rep. 953. That question remained undecided for 150 years before being settled in *Cadell v. Palmer*, 1 Cl. & F. 372 (H.L. 1833), as a gross term of twenty-one years after a life or lives in being. *See generally* John Chipman Gray, *The Rule Against Perpetuities* (3d ed. 1915). This formulation was soon thereafter adopted in Arkansas. *See Moody v. Walker*, 3 Ark. 147 (1840). Stated in modern terms, the rule against perpetuities prohibits the creation of future interests or estates which by possibility may not become vested within the life or lives in being at the time of the testator's death or the effective date of the instrument creating the future interest, and twenty-one years thereafter. *Hendriksen v. Cubage*, 225 Ark. 1049, 288 S.W.2d 608 (1956). If there is any possibility that the interest will vest beyond the limits of the rule, the transaction is void. *Farr v. Henson*, 79 Ark. App. 114, 84 S.W.3d 871 (2002).

Here, the rule against perpetuities does not apply because appellant's interest in the property vested immediately. The Arkansas Supreme Court upheld a residential community assessment covenant of indefinite duration in *Kell v. Bella Vista Village*, 258 Ark. 757, 528 S.W.2d 651 (1975), holding that nothing in the covenant kept that appellant's interest from imme-

diately vesting. The restrictive covenants do not prevent the interest from vesting, but are merely contractual proscriptions against certain uses.

> Restrictions against a particular use of property do not restrict the alienation of such property, since the owner of the fee can convey it at his or her pleasure, nor do they tend to perpetuity, since the person who is entitled to the rights or privileges created or secured by the restriction can at any time release them. A restrictive covenant limiting the use of lots in a subdivision to residential purposes, and prohibiting their use for commercial purposes, does not restrain alienation or violate the rule against perpetuities even if it is of indefinite duration. Similarly, the rule limiting the duration of restraints on alienation is not applicable to a restrictive covenant in a deed that no buildings should ever be erected on a certain part of the land conveyed; consequently the restriction, even though created to endure forever, is valid and enforceable.

20 Am. Jur. 2d *Covenants* § 165 (2006).

■ Appellant next argues that none of the covenants in the bill of assurance can be enforced because some have been violated, e.g., those involving setback requirements and prohibition of mobile homes, with the result that the subdivision lacks a general plan of development. This argument also lacks merit. The primary test of the existence of a general plan for development or improvement of a tract of land divided into a number of lots is whether substantially common restrictions apply to all lots of like character or similarly situated. *Welchman v. Norman*, 311 Ark. 52, 841 S.W.2d 614 (1992). Here, appellant has shown only a relatively few violations of other restrictions in the covenants. The fact that other violations have occurred does not always constitute acquiescence or waiver of the restrictions, and the breach of the covenant by the developer not only must be substantial but also must be a breach of the same restriction. *Jones v. Cook*, 271 Ark. 870, 611 S.W.2d 506 (1981). Appellant has shown no prior breach of the restriction against multifamily dwellings, and we therefore find no error.

Affirmed.

GRIFFEN and VAUGHT, JJ., agree.