

FILED

Feb 27 2020, 7:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Edward W. Hearn
Johnson & Bell, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEES

Michael H. Michmerhuizen
Patrick G. Murphy
William A. Ramsey
Barrett McNagny LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kosciusko County Community
Fair, Inc.,

*Appellant*,

v.

Mary Clemens, Merle Conner,
Judith Conner, and Chris
Cummins,

*Appellees*.

February 27, 2020

Court of Appeals Case No.
19A-PL-2306

Appeal from the Kosciusko Circuit
Court

The Honorable Stephen R.
Bowers, Special Judge

Trial Court Cause No.
43C01-1805-PL-50

**Brown, Judge.**

[1] Kosciusko County Community Fair, Inc., (the "Fair") appeals the trial court's September 3, 2019 order finding a restrictive covenant related to motorized racing on its property is enforceable. We affirm the court's order and remand for a determination of damages pursuant to Ind. Appellate Rule 66(E).

## Facts and Procedural History

[2] In 1989, James A. Cummins, Robert L. Fuson, Michael G. Hall, R. John Handel, George M. Haymond, J. Joseph Shellabarger, Fredric T. Stephens, Kenneth O. Truman, and H. Rex Wildman (collectively, "Original Homeowners") filed a complaint against the Fair[1] related to motor vehicle racing on its property. On July 18, 1990, as part of a settlement, the Fair executed a restrictive covenant limiting use of motorized racing on its property. Specifically, the restrictive covenant provides:

> NOW, THEREFORE, in consideration of dismissal with prejudice of the Lawsuit by [Original] Homeowners; after August 11, 1990, the Fair Association shall not use the Real Estate for motorized racing, except the Fair Association shall have the right to continue the use of its grandstand and racetrack facility on the Real Estate for recreational and/or fairground activities other than motorized racing, including but not limited to truck and tractor pulling contests during fair week each calendar year, two (2) automobile demolition derbies each calendar year, musical presentations, bicycle racing, and rodeos. The foregoing shall constitute a covenant running with the Real Estate and shall be binding upon the Fair Association and [Original] Homeowners and all

---

[1] The Fair had prior names of Kosciusko County Fair Association, Inc., and Kosciusko County 4-H and Community Fair, Inc.

persons claiming under them.  This covenant shall be enforceable by [Original] Homeowners and their successors and assigns.

Appellant's Appendix Volume II at 134-135.

[3]     On May 2, 2018, Mary Clemens, Merle Conner, Judith Conner, and Chris Cummins (collectively, "Homeowners") filed a complaint which alleged the Fair breached the restrictive covenant, they have suffered damages resulting from the breach, and the Fair's actions constitute a nuisance.  The complaint sought injunctive relief and an order that the Fair comply with the terms of the restrictive covenant.  On May 16, 2018, the court issued an order finding Chris Cummins is a successor in interest to James A. Cummins with respect to the real estate owned by the latter at the time the restrictive covenant was executed, and granting a preliminary injunction.  The Fair appealed, and on December 20, 2018, this Court issued an opinion affirming the trial court's judgment. *Kosciusko Cty. Cmty. Fair, Inc. v. Clemens*, 116 N.E.3d 1131 (Ind. Ct. App. 2018) (the "2018 Opinion").  We held the restrictive covenant runs with the land, Chris Cummins has standing to enforce the restrictive covenant, the Fair failed to prove the restrictive covenant lacked an essential term, and the Fair's reliance on the statute of frauds and the rule against perpetuities was misplaced. *Id*. at 1137-1139.

[4]     In February 2019, Homeowners filed a Motion for Partial Summary Judgment and Request for Permanent Injunction stating that their complaint sought, in pertinent part, to enjoin the Fair from violating the restrictive covenant which prohibited it from conducting motorized racing.  Among other evidence,

Homeowners designated the affidavits of James Cummins and Chris Cummins. The Fair filed a motion to strike as inadmissible portions of the filings and designated evidence including the affidavits. After a hearing, the trial court entered an order on September 3, 2019, granting Homeowners' motion and denying the Fair's motion. The order states: "The Court is persuaded that based upon the materials designated by the parties and the undisputed facts, the Homeowners are entitled to a permanent injunction as a matter of law." Appellant's Appendix Volume II at 18. The order further states: "The Court of Appeals already has settled the issue of standing when it agreed with the trial court that Chris Cummins is a successor in interest to one of the Original Homeowners." *Id*. at 16. The court found the 2018 Opinion "flatly rejected the Fair's misplaced reliance on the Statute of Frauds" and, citing the 2018 Opinion, "the Fair's argument that the restrictive covenant fails for lack of an essential element has been rejected." *Id*. at 19. The court considered the adequacy of Homeowners' remedies at law, the balance of harm between Homeowners and the Fair, and the public interest. It found Homeowners succeeded on the merits and entered partial summary judgment as to the validity and enforceability of the restrictive covenant.

## *Discussion*

The Fair requests this Court to vacate the trial court's September 3, 2019 judgment. We review an order for summary judgment de novo, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). We may affirm on any grounds supported by the Ind. Trial Rule 56

materials. *Catt v. Bd. of Comm'rs of Knox Cnty.*, 779 N.E.2d 1, 3 (Ind. 2002). The moving party bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and it is entitled to judgment as a matter of law, and if the moving party succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013).

[6] Generally, when considering the trial court's grant of permanent injunctive relief, we examine four factors: (1) whether the plaintiff's remedies at law are adequate; (2) whether the plaintiff has succeeded on the merits; (3) whether the threatened injury to the plaintiff outweighs the threat of harm if the injunction is granted; and (4) whether the public interest would be disserved by granting the injunctive relief. *Centennial Park, LLC v. Highland Park Estates, LLC*, 117 N.E.3d 565, 572 (Ind. Ct. App. 2018).

[7] The Fair claims that Homeowners are not entitled to a permanent injunction because: (A) they do not have standing to sue and enforce the restrictive covenant, (B) the restrictive covenant does not comply with the statute of frauds, and (C) the restrictive covenant violates the rule against perpetuities. The Fair asserts "the settlement agreement should be considered a personal covenant to [Original] Homeowners rather than a covenant running with [Original] Homeowners' land" and the restrictive covenant states it is enforceable "by the [Original] Homeowners 'successors' and 'assigns' – not 'successors in title' or 'successors in interest.'" Appellant's Brief at 23-24. It argues "Chris Cummins is not James Cummins' successor – James Cummins is

still alive." *Id*. at 26. It asserts "there is no evidence that the settlement agreement's restrictive covenant was an enforceable property interest rather than a personal interest of the nine [Original] Homeowners." *Id*. at 27. The Fair contends the restrictive covenant does not satisfy the statute of frauds because it does not include a legal description or identify the benefitting properties.

[8] Homeowners respond that the Fair's arguments were addressed by this Court in the 2018 Opinion and the doctrine of the law of the case is applicable and precludes this appeal. They argue this Court has already held the restrictive covenant in this case runs with the land and does not lack an essential term. They state that this Court "already concluded that Chris Cummins is entitled to enforce the Restrictive Covenant as long as James Cummins was an owner of the property in the chain of title (and it is undisputed that he was)." Appellees' Brief at 33. They also argue that the restrictive covenant does not violate the statute of frauds and that the rule against perpetuities is inapplicable.

[9] The "law of the case" doctrine designates that an appellate court's determination of a legal issue is binding on both the trial court and the Court of Appeals in any subsequent appeal given the same case and substantially the same facts. *City of Gary v. Smith & Wesson Corp.*, 126 N.E.3d 813, 832-833 (Ind. Ct. App. 2019) (citation omitted), *trans. denied*. The purpose of the doctrine is to minimize unnecessary repeated litigation of legal issues once they have been resolved by an appellate court. *Id*. The doctrine is based upon the sound policy that once an issue is litigated and decided, that should be the end of the matter.

*Id.* (citation omitted). Accordingly, the law of the case doctrine bars relitigation of all issues decided directly or by implication in a prior decision. *Id.* (citation omitted). A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work manifest injustice. *Id.* (citation omitted). The trial court is not a coordinate court to this Court and thus has no power to alter an appellate decision. *Id.* at 832-833 (citation omitted).

[10] With respect to standing, this Court stated in the 2018 Opinion that the Fair had asserted that, "in order for Homeowners to have standing to sue to enforce the restrictive covenant, at least one of them must be an Original Homeowner or a successor or assign of one of the Original Homeowners listed in the covenant, and, because that is not the case, Homeowners lack standing to enforce the restrictive covenant." *Kosciusko Cty.*, 116 N.E.3d at 1135. We noted standing is a pure question of law and written covenants are generally construed in the same manner as other written contracts. *Id.* at 1136. We further observed restrictive covenants run with the land if (1) the covenantors intended it to run, (2) the covenant touches and concerns the land, and (3) there is privity of estate between subsequent grantees of the original covenantor and covenantee, and we noted vertical privity is established where the party seeking to enforce the covenant and the party against whom it is to be enforced are successors in title to the property of the covenantee and covenantor respectively. *Id.* We then observed that, according to its language, the

restrictive covenant in this case "shall constitute *a covenant running with the Real Estate* and shall be binding upon [the Fair] and [Original] Homeowners and all persons claiming under them" and "[t]his covenant shall be enforceable by [Original] Homeowners *and* their successors and assigns." *Id*. at 1136. We held:

> The above-quoted language clearly indicates that the covenantor intended for the covenant to run with the land and it is undisputed that the covenant touches and concerns the land. As such, the only question remaining is whether there is privity of estate between Original Homeowners and Homeowners.
>
> It is uncontested that James A. Cummins was one of the original covenantees. Chris Cummins testified that in 1998 he purchased the property that was owned by James when the restrictive covenant was executed. In light of this testimony, the trial court found that Chris Cummins is a successor in title to the real estate owned by James A. Cummins. The Fair's challenge to this finding amounts to nothing more than a request that we reweigh the evidence, which we will not do. Because we agree that Chris Cummins is a successor in interest to one of the Original Homeowners, we conclude that there is vertical privity of estate. As a result, the restrictive covenant runs with the land and Chris Cummins had standing to enforce the restrictive covenant.

*Id.* at 1136-1137 (citation omitted). Thus, this Court expressly held in the 2018 Opinion that Chris Cummins had standing. The doctrine of the law of the case precludes relitigation of this issue.

[11] In addition, James Cummins's affidavit states he lived at a property on N. Bay Drive in Warsaw, Indiana, (the "Cummins Property") when the 1989 complaint was filed, he and his wife Barbara were divorced in 1992, and Barbara received the Cummins Property as part of the divorce settlement. Chris

Cummins's affidavit states he currently resides at the Cummins Property, his parents divorced and his mother received the Cummins Property, and in 1998 he purchased the Cummins Property from a trust established by his mother. The exhibits attached to Chris Cummins's affidavit include: a quitclaim deed executed by James Cummins conveying the Cummins Property to Barbara in 1992; a warranty deed signed by Barbara transferring the property to her trust in 1994; and a trustee deed signed by Barbara as trustee conveying the property to Chris Cummins and his wife in 1998. The terms of the restrictive covenant and the designated evidence support the finding that Chris Cummins is a successor in interest as contemplated by the restrictive covenant and the conclusion that the restrictive covenant runs with the land.

[12] With respect to the statute of frauds, this Court held in the 2018 Opinion: "The Fair also relies on the Statute of Frauds which requires that certain contracts be in writing. *See* Ind. Code § 32-21-1-1(b) (2002). Reliance on the Statute of Frauds is misplaced, however, because the restrictive covenant was in writing and was recorded with the Kosciusko County Recorder's Office." *Kosciusko Cty.*, 116 N.E.3d at 1138 n.2. We also rejected the Fair's argument that the restrictive covenant could not be enforced because it lacked an essential term. *Id*. at 1138. We held that "[t]he restrictive covenant clearly identified the burdened party and included a legal description of the burdened real estate." *Id*. (footnote omitted). Thus, this Court held in the 2018 Opinion that the restrictive covenant was not unenforceable due to the statute of frauds. Accordingly, the doctrine of the law of the case bars relitigation of this issue.

Further, the designated evidence establishes the restrictive covenant was in writing and recorded with the Kosciusko County Recorder's Office.

[13] As to the rule against perpetuities, our 2018 Opinion observed that the rule against perpetuities "has to do with future estates which, by possibility, may not become vested within the time prescribed by law; it applies only to future estates which are contingent, and has no application to vested estates." *Kosciusko Cty.*, 116 N.E.3d at 1139 (citing *Swain v. Bowers*, 91 Ind. App. 307, 316, 158 N.E. 598, 601 (1927)). This Court held "[w]e agree with the conclusion of the Court of Appeals of Arkansas that a restrictive covenant limiting the use of a parcel of land does not violate the rule against perpetuities even if it is of indefinite duration," *id.* (citing *Malone v. Guynes*, 98 Ark. App. 48, 250 S.W.3d 260 (2007), and "[t]he Fair's reliance on the rule against perpetuities is therefore misplaced." *Id.* Accordingly, the doctrine of the law of the case precludes relitigation of this argument.[2]

[14] Based upon the designated evidence, the Fair's arguments, and our 2018 Opinion, we conclude the trial court did not err in entering its September 3, 2019 judgment based upon the restrictive covenant.

---

[2] *See also* RESTATEMENT (THIRD) OF PROPERTY (SERVITUDES) § 1.1(2) (2000) (a servitude is a legal device that creates a right or an obligation that runs with land or an interest in land); *id.* at § 1.3 (a covenant is a servitude if either the benefit or the burden runs with land); *id.* at § 3.3 (the rule against perpetuities does not apply to servitudes).

[15] Homeowners also request attorney fees pursuant to Ind. Appellate Rule 66(E). They argue the Fair asks this Court, in this appeal, to revisit arguments this Court has previously rejected. They argue "the [Fair's] insistence on briefing (and requiring the Homeowners to brief in response) arguments related to the rule against perpetuities, which clearly has no applicability, and the Statute of Frauds, which has no factual basis, has required a disproportionate amount of time and expense from the parties and the judiciary." Appellees' Brief at 46. They argue that they have shown restraint by not seeking attorney fees at any prior stage of this litigation. The Fair responds that it presented a good faith basis that the law of the case doctrine does not apply and this case does not warrant an award of attorney fees.

[16] Ind. Appellate Rule 66(E) provides: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." We may award appellate attorney fees in our discretion where an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). To prevail on a substantive bad faith claim, a party must show that the appellant's contentions and arguments are utterly devoid of all plausibility. *Id.* Homeowners have shown, in light of the 2018 Opinion and the designated evidence, that the Fair's claims on appeal are meritless, and we conclude an award of damages, including appellate attorney fees, is appropriate in this case.

For the foregoing reasons, we affirm the trial court's ruling and remand for a determination of damages pursuant to Ind. Appellate Rule 66(E).

Affirmed and remanded.

Baker, J., and Riley, J., concur.